Daniel C. Cotman (SBN 218315)
dan@cotmanip.com
Nelson E. Brestoff, *of counsel* (SBN 065291)
nick@cotmanip.com
COTMAN IP LAW GROUP, PLC
117 East Colorado Blvd, Suite 460
Pasadena, California 91105
(626) 405-1413/FAX: (626) 628-0404
**Attorneys for Plaintiff**
**Cellular Accessories For Less, Inc.**

Daniel C. Lapidus (Bar No. 227170)
dan@lapiduslaw.com
Lapidus & Lapidus
177 South Beverly Drive
Beverly Hills, CA 90212
Melanie J. Cogburn (Bar No.00796377 Texas)
mcogburn@mwrlegal.com
Moster Wynne & Ressler, P.C.
620 Congress Ave., Suite 320
Austin, TX 78701-3230
**Attorney for Defendants**
**Trinitas, LLC and David Oakes**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cellular Accessories For Less, Inc., a California corporation, | ) Case No.: 2:12-cv-06736-DDP-SH |
| | ) |
| | ) STIPULATED PROTECTIVE ORDER |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Trinitas LLC, a Texas limited liability company, and David Oakes, an individual, DOES 1 through 10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information, the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to F.R.Civ.P. 26(c), the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order:

A.      **INFORMATION SUBJECT TO THIS ORDER**

1.  For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information, items or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party producing information, items or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets and/or other confidential technical, product, design, sales, marketing, customer, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any Receiving Party from any Producing Party pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, i.e. for prosecuting, defending or attempting to settle this litigation.

2.  Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking copies of such material "Confidential" prior to or at the time such copies are furnished to the Receiving Party.  The marking shall be accomplished by affixing the legend "Confidential" to each page of the material being designated. If

only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

3.  At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "Confidential" by the reporter. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

4.  All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated, as set forth in Section A. 2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing (such as in the form of electronic mail). Any documents and/or physical objects made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (as defined in Section D below) and shall be subject to this Order. After the Receiving Party has identified the documents that it wants copied and produced, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY prior to furnishing copies to the Receiving Party.

5.  The following information is not CONFIDENTIAL INFORMATION:

a.  Any information which at the time of disclosure to a Receiving Party is in the public domain;

b.  Any information which subsequent to its disclosure to a Receiving Party, becomes part of the public domain as a result the publication not involving a violation of this Order;

c.  Any information that the Receiving Party can show was directly known to it prior to the disclosure; and

d.  Any information that the Receiving Party can show, by written records, was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

## B.  NO WAIVER OF PRIVILEGE

Inspection or production of documents and/or physical objects shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege, trade secret protection and/or protection under this Order as CONFIDENTIAL INFORMATION, or as HIGHLY CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY if, as soon as reasonably practicable after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents and/or physical objects as within the attorney-client privilege, work product immunity, or any other applicable privilege or protection under this Order and request return of such documents and/or physical objects to the Producing Party. Upon request by the Producing Party, the Receiving Party immediately shall return or destroy all copies of such inadvertently produced document(s) and/or physical objects. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or trade secret or other protection designation by submitting a written challenge to the Court.

## C.  DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way that the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District

Court for the Central District of California, or the Court's Docket Control Orders and Discovery Orders.

**D.  INFORMATION DESIGNATED HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY**

1.  CONFIDENTIAL INFORMATION may be additionally designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall mean all CONFIDENTIAL INFORMATION that constitutes proprietary, financial, product, design or technical data or commercially sensitive competitive information including, without limitation CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, customer information, sales plans, marketing plans, and strategic plans, the disclosure of which is likely to cause harm to the competitive position of the Producing Party. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Producing Party by marking copies of such material "Highly Confidential-Attorneys' Eyes Only" prior to or at the time such copies are furnished to the Receiving Party.  The marking shall be accomplished by affixing the legend "Highly Confidential-Attorneys' Eyes Only" to each page of the material being designated. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

Documents and/or physical objects designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

**STIPULATED PROTECTIVE ORDER**

(a)  outside litigation counsel of record and supporting personnel employed by those attorneys as described in Section E. 1. Below (not including in-house counsel),

(b) technical advisors as described in Section E. 2 below and to have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or authorized recipient of a document containing the information or a custodian or other authorized person who otherwise pose asked for new the information.

## E.  PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

Subject to the limitations for HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY designations as described in the previous sections, the following categories of persons shall have access to documents and/or physical objects designated as Confidential:

1. Counsel. Counsel for a Receiving Party shall have access to the Producing Party's information designated CONFIDENTIAL. The term "counsel" shall mean attorneys for the Plaintiff, and the Defendant, working on this litigation, including both outside and in-house counsel, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, law clerks and shorthand reporters, independent legal translators retained to translate in connection with this action, independent court reporters pertain to record and transcribe testimony in connection with this action, graphics or design services retained by

counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non-technical jury or trial consulting services, including mock jurors, retained by counsel. Before any person other than counsel or counsel's employees and in-office independent contractors providing litigation support, may have access to the CONFIDENTIAL INFORMATION, such person shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2. <u>Technical Advisors</u>. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY of a Producing Party, and such copies, as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisors. The term "technical advisor" shall mean an outside consultant or consulting or testifying expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. Should a Receiving Party find it necessary for maintaining, defending or even evaluating this litigation to disclose a Producing Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information to a technical advisor, no prior notice to the Producing Party shall be required if (a) the technical advisor is not a current owner, shareholder, member, manager, director, officer, employee or consultant (other than as a technical advisor in this litigation) of an entity engaged in the business of manufacturing, distributing or selling cellular phones and/or cellular accessories, or anticipated to become one, and (b) the technical advisor shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a person not meeting the criteria in (a) above is sought by the Receiving Party to be a technical advisor, then the Receiving Party shall first give written or e-mail notice to the Producing Party. Such written notice shall include the technical advisor's resume, curriculum vitae or other information adequate to identify the individual's current

employer and employment history for the past five (5) years, including consulting relationships. The Producing Party may object to the disclosure of the information to such technical advisor by notifying the Receiving Party in writing or by e-mail of any objection within ten (10) days of receiving notice of the Receiving Party's request to disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information to such technical advisor.  Thereafter, the Producing and Receiving Parties shall engage in a meet-and-confer process to address the issue.  If the Receiving Party does not withdraw the name of the technical advisor, then the Producing Party may proceed by filing a motion showing good cause why the information or portions thereof shall not be disclosed to such persons.  Any such motion shall be filed within 15 days after the Producing Party refuses to withdraw the name of the technical advisor. Except by further order of this Court, no CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be disclosed to such technical advisor until the matter has been ruled upon by this Court or otherwise resolved. No disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be made to any technical advisor unless the person to whom the disclosure is to be made shall first have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) stating that he or she has read and understands this Order and agrees to be bound by its terms. Identification of a technical advisor under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical advisor to any discovery.

## F.  MANAGEMENT OF A PARTY

Subject to the provisions below, CONFIDENTIAL INFORMATION of a Producing Party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a Receiving Party to a control group of no more than four (4) individuals who are

employees, managers, and/or supporting personnel of such Receiving Party with responsibility for maintaining, defending or evaluating this litigation. Should counsel for a Receiving Party find it necessary for maintaining, defending or evaluating this litigation to disclose a Producing Party's CONFIDENTIAL INFORMATION to a control group, counsel for the Receiving Party shall first obtain from such individual a signed "Acknowledgment and Agreement to The Bound" (Exhibit A) stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the Receiving Party, but need not be disclosed to the Producing Party.

## G.  CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

In the event that the Receiving Party contends that produced information has been improperly designated under this Order, the Receiving Party shall first request that the Producing Party modify its confidentiality designation.  If the Producing Party declines to change its designation or fails to respond to the Receiving Party's written request within ten (10) days, the Receiving Party may file a motion in accordance with the requirements of L.R. 37 to have the Court modify the designation.

## H.  USE OF MATERIALS DESIGNATED UNDER THIS ORDER

1. CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, should not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as provided herein. All produced CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of which such person had knowledge prior to any such designations. Without in any way limiting the generality of the foregoing:

a. A present director, officer, and/or employee of a Producing Party (who is designated to testify by the Producing Party and who is permitted to have access to such information) may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which has been produced by that party;

b. A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of which he or she has authorized prior knowledge, including any CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information that refers to matters of which the witness has authorized personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c. Non-party witnesses may be examined or testify concerning any document containing CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party witness as a result of any contact or relationship with the Producing Party or a representative of a Producing Party. Any person other than the witness, his or her attorney(s), or any other person qualified to receive CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information under this Order shall be excluded from the portion of the examination

concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, and prior to or at the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order to maintain the confidentiality of CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information.

3.   Any party seeking to file documents that have been designated confidential, or that contain material that has been so designated, must seek a stipulation or application to file under seal pursuant to Local Rule 79-5 and otherwise comply with all requirements of Local Rule 79-5.

4. Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information between and among qualified recipients:

a. By hand delivery;

b. In sealed envelopes; or

c. By telephone, facsimile, e-mail or other electronic transmission system; or where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

5. CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall not be copied or otherwise produced by a Receiving Party,

except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further Order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information for use in connection with this litigation. Such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information under the terms of this Order.

## I.  NONPARTY USE OF THIS PROTECTIVE ORDER

1.  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information pursuant to the terms of this Stipulated Protective Order.

2. A nonparty's use of this Stipulated Protective Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information does not by itself entitle the nonparty to access to CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information produced by any party in this case.

## J.  MISCELLANEOUS PROVISIONS

1.  Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

2. The inadvertent or unintentional production of documents or information containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which are not so designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

3. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in the action, each party shall, at its option, either return to the Producing Party or destroy all physical objects, and all documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY which were received from the Producing Party, and shall destroy in whatever form stored or reproduced, all physical objects, and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information. Notwithstanding this provision, outside litigation counsel of record is not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence in any hearing or trial.

4. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires it.  No modification by the parties shall have the force or effect of the Court order unless the Court approves the modification.

/ / /

/ / /

/ / /

5. Nothing in this Order, or actions taken under it, shall be construed as waiving any legal right, claim or defense of the respective parties.

**STIPULATED PROTECTIVE ORDER**

1

2                                    Respectfully submitted,

3      DATED:  March 21, 2013          COTMAN IP LAW GROUP, PLC

4

5

6                               By:   _____

7                                    Daniel C. Cotman
                                     Nelson E. Brestoff (*of counsel*)
8                                    Attorney for Plaintiffs

9                                    Cellular Accessories For Less, Inc.

10

11     DATED:  March 21, 2013              LAPIDUS & LAPIDUS, PLC

12                                     MOSTER WYNNE & RESSLER, P.C.

13

14

15                              By:   _____

16

17                                    DANIEL C. LAPIDUS
                                     MELANIE J. COGBURN
18                                    Attorney for Defendants
                                     Trinitas, LLC and David Oakes
19

20

21

22

23

24

25

26

27

28

---

14
**STIPULATED PROTECTIVE ORDER**

1

ORDER

2

The foregoing Stipulated Protecti                    ED.

3

4

Dated  March 21, 2013

Hon. Stephen J. Hillman
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Daniel C. Cotman (SBN 218315)
2   dan@cotmanip.com
    Nelson E. Brestoff, *of counsel* (SBN 065291)
3   nick@cotmanip.com
4   COTMAN IP LAW GROUP, PLC
    117 East Colorado Blvd, Suite 460
5   Pasadena, California 91105
6   (626) 405-1413/FAX: (626) 628-0404
    **Attorneys for Plaintiff**
7   **Cellular Accessories For Less, Inc.**

8
    Daniel C. Lapidus (Bar No. 227170)
9   dan@lapiduslaw.com
10  Lapidus & Lapidus
    177 South Beverly Drive
11  Beverly Hills, CA  90212
12  Melanie J. Cogburn (Bar No.00796377 Texas)
13  mcogburn@mwrlegal.com
    Moster Wynne & Ressler, P.C.
14  620 Congress Ave., Suite 320
15  Austin, TX  78701-3230
    **Attorney for Defendants**
16  **Trinitas, LLC and David Oakes**

17
18              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
19

20  Cellular Accessories For Less, Inc., a      )   Case No.:  2:12-cv-06736-DDP-SH
    California corporation,                      )
21                                               )   EXHIBIT A TO STIPULATED
22              Plaintiff,                       )   PROTECTIVE ORDER
                                                 )
23       vs.                                     )
                                                 )
24                                               )
25  Trinitas LLC, a Texas limited liability      )
    company, and David Oakes, an                 )
26  individual, DOES 1 through 10,               )
                                                 )
27                                               )
28              Defendants.                      )
    _____)

---
                            16
              **STIPULATED PROTECTIVE ORDER**

## **AGREEMENT TO BE BOUND BY**
## **STIPULATED PROTECTIVE ORDER**

I, _____, state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Stipulated Protective Order dated _____2013, and have been engaged as _____ on behalf of _____ _____ in the preparation and conduct of the subject litigation.

5.    I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents and/or physical objects designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information in a secure manner, and that where upon the copies in any writings prepared by me containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

6.    I will not disclose confidentiality designated information to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any assistants, who are required to assist me, of the terms of said Order and I will direct these assistants to comply with the terms of said Order.

7.    In accordance with Section E. 2 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed

Confidentiality Agreement sufficient to identify my current employer and employment history for the past five (5) years, including all consulting relationships.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this___day of_____ 2013.

_____

**STIPULATED PROTECTIVE ORDER**