O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLULAR ACCESSORIES FOR LESS, INC., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>TRINITAS LLC, a Texas limited liability company; DAVID OAKS, an individual,<br><br>               Defendants. | Case No. CV 12-06736 DDP (SHx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[DKT No. 37] |

    Before the court is Defendant Trinitas LLC and David Oaks (collectively, "Defendants")'s Motion to Strike Plaintiff's First Amended Complaint. (Dkt. No. 37.) The matter is fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, the court GRANTS the Motion for the following reasons:

    Federal Rule of Civil Procedure 15(a) provides that, except in circumstances not relevant to this Order, "a party may amend its pleading only with the opposing party's written consent or the court's leave." An amendment to a pleading not made in conformity

with Rule 15(a) may be stricken as lacking legal effect. <u>See</u> Alan Wright, 6 Federal Practice & Procedure: Civil 3d, § 1484, p. 685 (West 2010) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."); <u>Larry O. Crother, Inc. v. Lexington Ins. Co.</u>, 2011 WL 1084201, at *2 (E.D. Cal. March 21, 2011); <u>Jones v. Marinello</u>, 2006 WL 2348891, at *2 (N.D. Cal. Aug. 11, 2006).

In the instant Motion, Defendants ask the court to strike Plaintiff's First Amended Complaint ("FAC") on the ground that it was filed without obtaining leave of the court or Defendants' written consent. (Motion at 3-4.) The FAC was improperly filed on March 3, 2014 and then refiled the following day, March 4, 2014. (Dkt. No. 33-35.)

Plaintiff does not attempt to argue that it sought or obtained leave of the court to file its FAC. Rather, Plaintiff contends that it obtained written consent from Defendant when the parties agreed to a stipulation on January 20, 2014 requesting that the court extend the deadlines set by the Scheduling Order. (<u>See</u> Opposition at 3.) Under the stipulation, which the court granted, the expired April 1, 2013 deadline to join other parties and amend pleadings was extended to March 3, 2014. (Dkt. No. 29, 30.) Relying on a clause of the stipulation stating, "WHEREAS the Parties wish to amend the pleadings," Plaintiffs contend that the stipulation constitutes Defendant's consent to amend its Complaint.

Defendants assert that their agreement to extend the amendment deadline via the January 20, 2014 stipulation does not equate to an agreement to the filing of a particular amended pleading. (See Mot. at 4.) Rather, Defendants assert, the question of whether an amendment is appropriate or not is a different question from whether or not it is timely. (Id.)

The court agrees with Defendants that the FAC should be stricken. The meaning of the clause quoted above from the January 20, 2014 stipulation, taken on its own, is ambiguous. However, when the stipulation is viewed in the context of surrounding facts, it is clear that the stipulation did not constitute Defendants' consent to Plaintiff's filing of the FAC. Prior to filing the FAC, Plaintiffs did not share a proposed FAC with Defendants. It would be highly unusual for a defendant to consent to the filing of an amended pleading without first reviewing it. Indeed, Defendants' counsel asserts that when she spoke by phone with Plaintiff's counsel on February 20, 2014 regarding the possibility that Plaintiffs would file an amended complaint, Defendants' counsel made clear that she would not consent to the filing of an FAC without an opportunity to review it:

> I told Mr. McWilliams during this call that obviously I would need to review the proposed amended pleading before deciding whether I could consider stipulating to granting Plaintiff leave to file a First Amended Complaint. I never received any proposed amended complaint and the first time I saw any amended complaint was on March 3, 2014 when Plaintiff filed its First Amended Complaint...

(Declaration of Melanie J. Cogburn in Support of Motion ¶ 2.) Plaintiffs do not contest the substance Defendants' counsel's account of this discussion. (See Declaration of Rasheed McWilliams in Support of Opposition; Declaration of Soseh Moghoyan in Support of Opposition.) In sum, the facts in evidence support the conclusion that Defendants did not provide written consent to the filing of the FAC.

It also bears noting that the FAC was not timely filed even under the deadlines imposed per the court's order granting the parties' stipulation to extend dates set by the Scheduling Order, which set March 3, 2014 as the last day to amend pleadings. (Dkt. No. 30 at 2.) Plaintiff did not effectively file the FAC until March 4, 2014, one day after the deadline, (Dkt. No. 35), having incorrectly filed the FAC on March 3, 2014; the March 3, 2014 filing was stricken from the docket. (Dkt. Nos. 33, 34.) However, because Plaintiff failed to obtain Defendants' written consent to file the FAC, the FAC would be ordered stricken even if the court were to deem it timely filed on March 3, 2014.

For the reasons stated, Defendants' Motion to Strike Plaintiff's First Amended Complaint is GRANTED.

IT IS SO ORDERED.

Dated: April 11, 2014

DEAN D. PREGERSON
United States District Judge