Daniel C. Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi Ian Iloputaife (SBN 192271)
obi@cotmanip.com
Soseh Moghoyan (SBN 289764)
Soseh@cotmanip.com
COTMAN IP LAW GROUP, PLC
117 East Colorado Blvd, Suite 460
Pasadena, CA 91105
(626) 405-1413/FAX: (626) 628-0404
Attorneys for Plaintiff
CELLULAR ACCESSORIES FOR LESS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cellular Accessories For Less, Inc., a California corporation,<br><br>              Plaintiff,<br><br>    vs.<br><br>Trinitas LLC, a Texas limited liability company, and David Oakes, an individual, DOES 1 through 10,<br><br>          Defendants.<br><br>_____ | Case No.:  2:12-cv-06736-DDP-SH<br><br>**PLAINTIFF CELLULAR ACCESSORIES FOR LESS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**FINAL PRETRIAL CONF.:**<br>**Date: 10/27/2014**<br>**Time:  11:00 a.m.**<br>**Courtroom:  3 – 2nd Floor**<br><br>Complaint Filed:     08/06/2012<br>Discovery Cut-Off:   06/06/2014<br>Motion Cut-Off:     07/09/2014<br>Final Pre-Trial Conf.:  10/27/2014<br>Jury Trial:           11/18/2014 |

## I.      CLAIMS

### A.      Plaintiff's Claims

1.      First Claim: Defendants David Oakes and Trinitas LLCare liable for copyright infringement based on their copying of both the registered and unregistered copyrights of Plaintiff, available at www.cellularforless.com

2.      Second Claim: Defendants David Oakes and Trinitas LLC, are liable for misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA") based on the Defendants theft and use of Plaintiff's trade secret information, including but not limited to customer sales leads, customer product, pricing and payment preferences, order fulfilment details, order fulfilment requirements, customer contact information and a database of contacts belonging to Plaintiff.

### B.      Elements of Plaintiff's Claims

1. Elements Required to Establish Copyright Infringement

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original elements from the copyrighted work.

*Ninth Circuit Manual of Model Jury Instructions §17.4*

"To prevail on a claim for copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work which are original." *Express LLC v. Fetish Group, Inc.*, 424 F.Supp.2d 1211, 1217 (C.D. Cal. 2006) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).  A certificate of copyright registration "constitutes prima facie evidence of copyright ownership and validity." *Id.* (citing 17 U.S.C. § 410(c)).

To rebut the presumption of validity, the infringer must offer "some evidence of proof to dispute or deny the prima facie case of infringement," which may be done by "showing that the copyright holder's work is not original."   *Id.*   Originality requires independent creation plus a modicum of creativity *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346.   Originality in this context "means little more than a prohibition of actual copying." No matter how poor artistically the "author's" addition, it is enough if it be his own (citations omitted).   *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) (citing *Sid & Marty Krofft Television*, 562 F.2d 1157, 1163 n. 5 (9th Cir. 1977)).

The Ninth Circuit has also held that the carefully delineated selection of subject, posture, background, lighting, and perhaps even perspective alone are protectable elements of a photographer's work.   *United States v. Hamilton*, 583 F.2d 448, 452 (9th Cir. 1978). Choices as to the selection and arrangement of factual compilations independently made by the compiler and entailing a minimal degree of creativity are also sufficiently original to be subject to protection under copyright laws. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111; *see also Honeywell Intern., Inc. v. Western Support Group Inc. 947 F. Supp.2d 1077* (holding that Honeywell Aircraft's maintenance manuals, whose formatting and content are dictated by federal regulations, satisfied the requirements of originality on formatting and content alone.).

Plaintiff is also entitled to an injunction to prevent the further use of its copyrighted materials, whether registered or not.  A plaintiff seeking a permanent injunction must establish (1)  infringement on merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of an injunction, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest. *See generally*, *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011).

2.  Elements Required to Establish Trade Secret Misappropriation

On the plaintiff's Trade Secrets Misappropriation claim, the Plaintiff has the burden of proving all of the following by a preponderance of evidence.

1.      CAFL was the owner of the following:

Emails sent by the employees of CAFL from their official CAFL email account; and

Documents and information relating to customers, including the direct contact information for client procurement officers, information about client invoicing, purchasing and product preferences, sales leads, product requests, sales invoices, strategic information relating to more than one client, an entire database of customer contact information and customer requirement leads.

2. These confidential and proprietary emails, documents and information were trade secrets at the time of the misappropriation;

3. David Oakes and Trinitas LLC improperly acquired, disclosed and used the trade secret emails, documents and information;

4. Plaintiff was harmed by Defendants actions and Defendants David Oakes and Trinitas LLC were unjustly enriched; and

5. The Defendants acquisition, use and disclosure of the trade secret emails, documents and information was a substantial factor in causing Plaintiff's harm and Defendants' unjust enrichment.

*Judicial Council of California Civil Jury Instructions §4401*

Definition of Trade Secrets:

The Plaintiff has the burden of proving all of the following by a preponderance of evidence:

1. That the confidential and proprietary information was secret;

2. That the confidential and proprietary information had actual or potential independent economic value because it was secret; and

3. That CAFL made reasonable efforts to keep the confidential and proprietary information secret.

*Judicial Council of California Civil Jury Instructions §4402*

A list of subscribers of a service, built up by ingenuity, time, labor and expense of the owner over a period of many years is property of the employer, a part of the good will of his business and, in some instances, his entire business. Knowledge of such a list, acquired by an employee by reason of his employment, may not be used by the employee as his own property or to his employer's prejudice. *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1526.

A customer list has economic value because its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested. *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1522. A former employee's use of the customer list enables the former employee "to solicit both more selectively and more effectively." *Id*.

Social media, website passwords and information belongs to the company, if assigned by contract. *Ardis Health, LLC v. Nankivell,* 11 CIV. 5013 NRB, 2011 WL 4965172 (S.D.N.Y. Oct. 19, 2011) (holding that linkedin, and other social media passwords, even if unused for two years belongs to the company). The defendant must have actually obtained plaintiff's secrets through readily ascertainable means rather than improperly. (*See ABBA Rubber Co. v. Seaquist* (1991) 235 Cal.App.3d 1, 21–22, fn. 9 [286 Cal.Rptr. 518].)

Punitive Damages for Willful and Malicious Misappropriation of Trade Secrets:

In accordance, with Civ. Code, § 3426.3(c), if there is evidence that defendant acted willfully and maliciously, punitive damages may be awarded up to three times the damages award.

The Plaintiff has the burden of proving all of the following by clear and convincing evidence:

1. That Defendants David Oakes and Trinitas LLC acted willfully and maliciously.

Willfully means David Oakes and Trinitas LLC acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.  Maliciously means that David Oakes and Trinitas LLC acted with intent to cause injury, or that David Oakes' conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is so vile, base or wretched that it would be looked down on and despised by ordinary decent people.  The Court calculates the amount of punitive damages. *Judicial Council of California Civil Jury Instructions §§ 4402 and 4411.*

Remedies for Misappropriation of Trade Secret Misappropriation:

There are three possible remedies: (i) Actual Loss; (ii) unjust enrichment of Defendant, or both and (iii) Reasonable royalties.

Plaintiff is entitled to recover damages if the misappropriation caused it to suffer an actual loss and if Defendants David Oakes and Trinitas LLC were unjustly enriched.  To state a claim for unjust enrichment, plaintiff must allege: 1) receipt of a benefit, and 2) unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881 (2000). California courts interpret the term "benefit" to "denote any form of advantage." *See e.g.,Ghirardo v. Antonioli,* 14 Cal.4th 39, 51, 57 Cal.Rptr.2d 687, 924 P.2d 996 (1996). For a benefit to be conferred, it is "not essential that money be paid directly to the recipient by the party seeking restitution." *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F.Supp.2d 941 (N.D. Cal. 2003); *Cal. Fed. Bank v. Matreyek,* 8 Cal.App.4th 125, 132, 10 Cal.Rptr.2d 58 (1992).

A defendant's unjust enrichment from misappropriation of trade secrets is

typically measured by the defendant's profits flowing from the misappropriation. *(Rest.3d Restitution (Tent. Draft No. 4) § 42, com. d.)*. Where the plaintiff's loss does not correlate directly with the defendant's benefit, a defendant's unjust enrichment from misappropriation of trade secrets might be calculated based upon cost savings or increased productivity resulting from use of the secret, and increased market share is another way to measure the benefit to the defendant. *Ajaxo Inc. v. E\*Trade Financial Corp.,* 187 Cal.App.4th 1295, 115 Cal.Rptr.3d 168 (2010).

If neither actual loss nor unjust enrichment is provable, Plaintiff is entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. The Court calculates the amount of any royalty.

**C.** **Evidence in Support of Plaintiff's Claims**

   1. Evidence in Support of Copyright Infringement Claim

      a. Generally, the key evidence shows that Plaintiff has a valid and existing copyright registration, that the registered content was original content created by Plaintiff's employees and that Defendants intentionally copied and used these copyrighted materials. This evidence will also show that Plaintiff is entitled to an injunction against any further use of its copyrighted materials.

      b. Exhibits 2-8

      c. Exhibits 10-15

      d. Exhibit 17-30

      e. Exhibits 31-56

      f. Exhibits 58-69

      g. Exhibits 71-78

      h. Exhibit 80-195

      i. Testimony of Mitchell Langstein, Ryan Morrison, Aeloryn Qahlwyn, David Oakes and Katie Oakes.

   2. Evidence in support of Trade Secret Misappropriation

a. Generally, the key evidence shows that Defendants David Oakes and Trinitas LLC took documents and information relating to customers, including the direct contact information for client procurement officers, information about client invoicing, purchasing and product preferences, sales leads, product requests, sales invoices, strategic information relating to more than one client, an entire database of customer contact information and customer requirement leads.  This information was Plaintiff's trade secret materials, Plaintiff's trade secrets had economic value and Plaintiff's took reasonable efforts to keep its trade secrets secured.  This evidence will also show how Plaintiff was injured by Defendants misappropriation, how Defendants David Oakes and Trinitas LLC were unjustly enriched by their misappropriation and/or that Plaintiff is entitled to a reasonable royalty.

b. Exhibits 2-8

c. Exhibits 10-15

d. Exhibits 17-69

e. Exhibit 71-78

f. Exhibit 80-195

g. Testimony of Mitchell Langstein, Ryan Morrison, Dori Fackler, Lisa Cham, Aeloryn Qahlwyn, David Oakes and Katie Oakes.

**D.      Defendants' Affirmative Defenses**

1.      First Affirmative Defense: Failure to State a Cause of Action

2.      Second Affirmative Defense:  Claims are barred by doctrine of estoppel or waiver

3.      Third Affirmative Defense: Claims waived by doctrine of unclean hands

4.      Fourth Affirmative Defense: Plaintiff lacks standing to assert copyright text which it did not author or create

5.      Fifth Affirmative Defense: Claims are barred by statute of limitations.

**E.      The Elements Required To Establish Defendant's Affirmative Defenses**

1.      First Affirmative Defense: Failure to State a Cause of action;

Defendants David Oakes and Trinitas LLC have the burden of proving the following element by a preponderance of evidence:

1)      That Plaintiff cannot prove the elements necessary to state a claim against the Defendants for any and all of their causes of action.

2.      Second Affirmative Defense, Part I: Claims are barred by doctrine of estoppel:

Defendants David Oakes and Trinitas LLC have the burden of proving each of the following elements by a preponderance of evidence:

1)      That Plaintiff's actions are inconsistent with the rights it now asserts;

2)      That Plaintiff's inconsistent actions unduly prejudiced Plaintiffs.

3.      Second Affirmative Defense, Part II: Claims are barred by Waiver:

Defendants David Oakes and Trinitas LLC have the burden of proving each of the following elements by a preponderance of the evidence:

1) An existing right, benefit, or advantage held by Plaintiff;

2) Plaintiff's actual knowledge of its existence; and

3) Plaintiff's actual intent to relinquish the right, or intentional conduct inconsistent with the right.

4.      Third Affirmative Defense: Claims are barred by doctrine of unclean hands:

Defendants David Oakes and Trinitas LLC have the burden of proving the following elements by a preponderance of evidence:

1)      Plaintiff is responsible for misconduct with respect to the same transaction forming the basis upon which relief is sought.

2)      The defense of unclean hands arises from "the equitable maxim that 'he who comes into equity must come with clean hands'". *Precision Instrument Mfg.*

*Co. v. Auto Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed 1381 (1945) (citations omitted).

To prevail on an unclean hands defense, the claimant must show that the plaintiff's conduct is inequitable and the conduct relates to the subject matter of its claims. *Brother Records v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003) (quoting *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1987).

5.      Fourth Affirmative Defense: Plaintiff lacks standing to assert copyright infringement claims:

Defendants David Oakes and Trinitas LLC have the burden of proving the following element by a preponderance of evidence:

1) To rebut the presumption of validity, Defendants David Oakes and Trinitas LLC must prove by a "some evidence of proof to dispute or deny the prima facie case of infringement," which may be done by "showing that the copyright holder's work is not original."

6.      Fifth Affirmative Defense: Claims are barred by statute of limitations:

Defendant has the burden of proving each of the following elements by a preponderance of evidence:

Defendants David Oakes and Trinitas LLC must show that the applicable statute of limitations for each claim has passed and therefore is barred.

1)      First Claim: Copyright Infringement ( 17 U.S. Code § 507 (b))

Applicable statute of limitations is 3 years from the date Defendant David Oakes/Trinitas copied content from www.cellularforless.com.

2)      Second Claim: Trade secret Misappropriation ( Cal. Civ. Code § 3426.6)

Applicable statute of limitations is 3 years from the date of Plaintiff's discovery of trade secret misappropriation. Alternatively, the statute of limitations is 3 years from the date such misappropriation should have been discovered by reasonable due diligence.

**F.** **Key Evidence Opposing Defendants' Affirmative Defenses**

    1.  First Affirmative Defense:  All exhibits

    2.  Second Affirmative Defense:  All exhibits

    3.  Third Affirmative Defense:  All exhibits

    4.  Fourth Affirmative Defense:  All copyright infringement evidence.

    5.  Fifth Affirmative Defense:  The complaint and all exhibits.

**II.** **EVIDENTIARY ISSUES**

Based on previous communications from counsel for Defendants and the evidentiary objections made during the summary judgment briefing, Plaintiff anticipates that Defendants will file motions in limine contesting a number of Plaintiff's proposed exhibits and potentially testimony.  As these issues have not been briefed or arisen, Plaintiff cannot take a true position on the issues, however, Plaintiff has complied with its obligations under the Federal Rules of Civil Procedure to produce information requested during discovery and supplement the production when addition or new information and/or documents become available.

**III.** **ISSUES OF LAW**

Plaintiff and Defendants are not aware of any legal issues such as the interpretation of a statute that are germane to the case.

**IV.** **BIFURCATION OF ISSUES**

The parties have not requested a bifurcation of issues.

**V.** **THE PARTIES AGREED TO A COURT TRIAL**

Plaintiff and the Defendants have made a demand for a trial by jury of all issue that are triable to a jury.

Plaintiff's claim for copyright infringement is triable to a jury.

Plaintiff's claim for Trade Secret Misappropriation is triable to a jury.

Plaintiff's claim for willful and malicious misappropriation of trade secrets is triable to a jury. *Ajaxo Inc. v. E*Trade Group Ind*., 135 Cal.App.4th 21, 66 (2005).

1  Once a jury finds "willful and malicious" conduct, the court should decide the

2  amount of punitive damages. *See Robert L. Cloud & Assocs. v. Mikesell*, 69

3  Cal.App.4th 1141, 1151, fn. 8 (1999).

4        Defendants' affirmative defense of failure to state a claim is a question of law.

5  *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)

6  ("A dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a

7  ruling on a question of law . . . .").

8        The defense of unclean hands is equitable in nature and is not triable to a jury.

9  *See Mylan Pharmaceuticals, Inc. v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir.

10  2000) (Defendant's equitable defenses, unclean hands and inequitable conduct, are

11  equitable defenses; the Court, not the jury is obligated to decide these issues.)

12        The defenses of estoppel and acquiescence are equitable and not triable to a

13  jury. *See Granite States Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1028 (9th

14  Cir. 1995) ('the district court, not the jury, was the appropriate trier of fact on SMT's

15  equitable estoppel defense"); *Mile High Indus. v. Cohen*, 222 F.3d 845, 859 (10th

16  Cir. 2000) (affirmative defenses of laches and estoppel by acquiescence "are

17  equitable in nature and triable by the court").

18  **VI.   ATTORNEYS' FEES**

19        Plaintiff will seek attorneys' fees under the CUTSA, Cal. Civ. Code § 3426.4.

20  **VII.   ABANDONMENT OF ISSUES**

21        Plaintiff has not abandoned any issues and it is believed that Defendants have

22  not abandoned any claims or defenses.

23  ///

24  ///

25  ///

26  ///

27

28

1    Dated:  August 25, 2014        COTMAN IP LAW GROUP, PLC

2

3

4                                   _____

5                                     Rasheed McWilliams

6                                     Daniel C. Cotman

                                      Soseh Moghoyan

7                                     Counsel for Plaintiff CELLULAR

                                      ACCESSORIES FOR LESS, INC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28