Daniel C. Cotman (SBN 218315)
dan@cotmanip.com
Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Obi Ian Iloputaife (SBN 192271)
obi@cotmanip.com
Soseh Moghoyan (SBN 289764)
Soseh@cotmanip.com
COTMAN IP LAW GROUP, PLC
117 East Colorado Blvd, Suite 460
Pasadena, CA 91105
(626) 405-1413/FAX: (626) 628-0404
Attorneys for Plaintiff
CELLULAR ACCESSORIES FOR LESS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cellular Accessories For Less, Inc., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Trinitas LLC, a Texas limited liability company, and David Oakes, an individual, DOES 1 through 10, <br><br> Defendants. | Case No.: 2:12-cv-06736-DDP-SH <br><br> **JOINT LIST OF AGREED UPON JURY INSTRUCTIONS** <br><br> **[L.R. 51-1]** <br><br> FPC Date:   November 10, 2014 <br> Time:        11:00 a.m. <br> Courtroom:  3 – 2nd Floor <br><br> JURY TRIAL: <br> Date:    November 18, 2014 <br> Time:  9:30 a.m. <br> Courtroom:  3 – 2nd Floor |

1    Plaintiff Cellular Accessories For Less, Inc. and Defendants Trinitas LLC and
2  David Oakes (hereinafter "the Parties") hereby submit their Joint Agreed Upon Jury
3  Instructions:

**JOINT LIST OF AGREED UPON JURY INSTRUCTIONS**

# 1.1A DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.1A

**JOINT LIST OF AGREED UPON JURY INSTRUCTIONS**

**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.3

## 1.4 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.4

# 1.5 TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.5

1

2

## 1.6 WHAT IS EVIDENCE

3

The evidence you are to consider in deciding what the facts are consists of:

4

1. the sworn testimony of any witness;

5

6

2. the exhibits which are received into evidence; and

7

3. any facts to which the lawyers have agreed.

8

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.7

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.7

### 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.10

# 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.11

# 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 1.14

## 2.1 STIPULATED TESTIMONY

If the parties have agreed what a witness's testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 2.1

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 2.4

## 2.8 IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, or other impeachment evidence may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 2.8

## 2.10 USE INTERROGATORY OF A PARTY

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 2.10

# 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 3.1

**3.3 RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 3.3

## 17.0 PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, Cellular Accessories For Less, Inc. claims ownership of a copyright and seeks an injunction against the defendant, Trinitas LLC, for copyright infringement. The defendant denies infringing the copyright.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Cellular Accessories For Less, Inc. contends that the defendant, Trinitas LLC, has infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

# LIABILITY FOR INFRINGEMENT

One who reproduces a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

# DEFENSES TO INFRINGEMENT

The defendant contends that there is no copyright infringement.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.00

**17.2 COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102)**

The work[s] involved in this trial are known as:

Website text and/or compilation, generally used to describe and list cellphone accessories for sale, in which the words are published on a website.

You are instructed that a copyright may be obtained in product descriptions to the extent the text in question is an original work of authorship of Plaintiff.

Copyright protection for an original work of authorship does not extend to any  idea, procedure, process, system, method of operation, concept, principle,  discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.02 (modified)

### 17.3 COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b))

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular way of expressing an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection, because ideas cannot be copyrighted.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.03

### 17.4 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.4

## 17.6 COPYRIGHT INTERESTS—AUTHORSHIP (17 U.S.C. § 201(a))

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such contributors cannot be the authors of the work unless they caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.06

## 17.9 COPYRIGHT INTERESTS —WORK MADE FOR HIRE (17 U.S.C. § 201(b))

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if (1) it is of the kind the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright [unless the employer and employee have agreed otherwise in writing].

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions § 17.9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 17.15 COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 17.4 states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.


Authority: 2014 Ninth Circuit Manual of Model Civil Jury Instructions §17.15

### 4400. Misappropriation of Trade Secrets—Introduction (Civ. Code §3426.1)

Plaintiff claims that it is the owner of proprietary and confidential Information.

Plaintiff claims that its proprietary and confidential information are trade secrets and that Defendants misappropriated them. "Misappropriation" means the improper acquisition/use/ or disclosure of the trade secrets

Plaintiff also claims that Defendants' misappropriation caused it harm or Defendants to be unjustly enriched.

Defendants deny all of the above claims. Defendants also assert that Plaintiff waived these claims by its conduct, and that the proprietary and confidential information was readily ascertainable by other proper means.

Authority:  Judicial Council of California Civil Jury Instruction § 4400

### 4402. "Trade Secret" Defined (Civ. Code §3426.1(d))

To prove that the proprietary and confidential information was trade secrets, Plaintiff must prove all of the following:

1.  That the information was secret;

2.  That the proprietary and confidential information had actual or potential independent economic value because it was secret; and

3. That Plaintiff made reasonable efforts to keep the proprietary and confidential information secret.

Authority:  Judicial Council of California Civil Jury Instruction § 4402

1
2

### 4403. Secrecy Requirement

3

The secrecy required to prove that something is a trade secret does not have to
be absolute in the sense that no one else in the world possesses the information. It
may be disclosed to employees involved in Plaintiff's use of the trade secret as long
as they are instructed to keep the information secret. It may also be disclosed to
nonemployees if they are obligated to keep the information secret. However, it must
not have been generally known to the public or to people who could obtain value
from knowing it.

4
5
6
7
8

Authority:  Judicial Council of California Civil Jury Instruction § 4403

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 4404. Reasonable Efforts to Protect Secrecy

To establish that the proprietary and confidential information is a trade secret, Plaintiff must prove that it made reasonable efforts under the circumstances to keep it secret.

"Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Plaintiff, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Plaintiff claims to be a trade secret.

In determining whether or not Plaintiff made reasonable efforts to keep the proprietary and confidential information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

a. Whether documents or computer files containing the proprietary and confidential information were marked with confidentiality warnings;

b. Whether Plaintiff instructed its employees to treat the proprietary and confidential information as confidential;

c. Whether Plaintiff restricted access to the proprietary and confidential information to persons who had a business reason to know the information;

d. Whether Plaintiff kept the proprietary and confidential information in a restricted or secured area;

e. Whether Plaintiff required employees or others with access to the proprietary and information to sign confidentiality or nondisclosure agreements;

f. Whether Plaintiff took any action to protect the specific confidential and proprietary information, or whether it relied on general measures taken to protect its business information or assets;

g. The extent to which any general measures taken by Plaintiff would prevent the unauthorized disclosure of the proprietary and confidential information; and

h. Whether there were other reasonable measures available to Plaintiff that it did not take;

The presence or absence of any one or more of these factors is not necessarily determinative.

Authority:  Judicial Council of California Civil Jury Instruction § 4404

### 4405. Misappropriation by Acquisition

Defendants misappropriated Plaintiff's trade secrets by acquisition if Defendants acquired the trade secrets and knew or had reason to know that he/ it used improper means to acquire it/them.

Authority:  Judicial Council of California Civil Jury Instruction § 4405

### 4408. Improper Means of Acquiring Trade Secret (Civ. Code §3624.1(a))

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft/bribery/misrepresentation/ breach or inducing a breach of a duty to maintain secrecy wiretapping, or electronic eavesdropping.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

> 1. Independent efforts to invent or discover the information;
>
> 2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;
>
> 3. Obtaining the information as a result of a license agreement with the owner of the information;
>
> 4. Observing the information in public use or on public display; or
>
> 5. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

Authority:  Judicial Council of California Civil Jury Instruction § 4408

### 4409. Remedies for Misappropriation of Trade Secret (Civ. Code §3426.3(b))

If Plaintiff proves that Defendants misappropriated his trade secrets, then Plaintiff is entitled to recover damages if the misappropriation caused Plaintiff to suffer an actual loss or the Defendants to be unjustly enriched.

If Defendants' misappropriation did not cause Plaintiff to suffer an actual loss or the Defendants to be unjustly enriched, Plaintiff may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited.

However, I will calculate the amount of any royalty.

Authority:  Judicial Council of California Civil Jury Instruction § 4409

**4410. Unjust Enrichment (Civ. Code §3426.3)**

Defendants were unjustly enriched if their misappropriation of Plaintiff's trade secrets caused Defendants to receive a benefit that they otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Defendants' benefit that would not have been achieved except for their misappropriation. Then subtract from that amount Defendants' reasonable expenses, including the value of the specific categories of expenses in evidence.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Plaintiff's actual loss.

Authority:  Judicial Council of California Civil Jury Instruction § 4410

## 4411. Punitive Damages for Willful and Malicious Misappropriation

If you decide that Defendants' misappropriation caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed Plaintiff and to discourage similar conduct in the future.

In order to recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendants acted willfully and maliciously. You must determine whether Defendants acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages.

The Court will calculate the amount later.

"Willfully" means that Defendants acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Defendants acted with intent to cause injury, or that Defendants' conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people.

Defendants acted with knowing disregard if they were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

Authority:  Judicial Council of California Civil Jury Instruction § 4411

DATED:  November 3, 2014                COTMAN IP LAW GROUP, PLC


                                                s/Rasheed McWilliams
                                        By:     _____
                                                Rasheed McWilliams
                                                Obi Ian Iloputaife
                                                Daniel C. Cotman
                                                Soseh Moghoyan

                                                Attorneys for Plaintiff
                                                Cellular Accessories For Less, Inc.

                                        HADDAD LEGAL GROUP P.C.

                                        By: /s/Melanie J. Cogburn
                                             Melanie Cogburn
                                             Counsel for Defendants
                                             TRINITAS LLC and DAVID OAKES

**JOINT LIST OF AGREED UPON JURY INSTRUCTIONS**